UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JOHN C. WEICHMAN, JR.,

        Plaintiff,
v.                                                                            Case No. 09-CV-740

MILWAUKEE COUNTY SHERIFF DAVID A. CLARKE JR.,
MILWAUKEE COUNTY, and JOHN DOES,

        Defendants.

_____

## ORDER

This order will address several motions made by the *pro se* plaintiff, John C. Weichman, Jr. ("Weichman"), that are pending in the above captioned case, including: (1) the plaintiff's motion to strike the defendant's affirmative defenses; (2) the plaintiff's request for the court to reconsider his motion for appointment of counsel; and (3) the plaintiff's motion to compel discovery and for sanctions. The court begins by discussing the motion to strike.

On January 8, 2010, the plaintiff filed a motion to strike several of the defendants' affirmative defenses, arguing that the defenses plead by the defendants in their October 13, 2009 answer were legally insufficient. (Docket #33). However, Fed. R. Civ. P. 12(f)(2) states that the court may act to strike from a pleading an insufficient defense on its own or on a motion by a party made either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Here, Mr. Weichman's motion to strike was not made within 21 days of the answer being filed and is, therefore, untimely. Mr. Weichman

argues in his reply brief that the court can ignore the untimeliness of his motion under the rule and strike the affirmative defenses as deficient. However, even if the court ignores the untimeliness of the plaintiff's motion, a court should not strike an affirmative defense unless "it appears to a *certainty* that [the] plaintiff would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991) (emphasis added). Moreover, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Here, Mr. Weichman fails to demonstrate that the affirmative defenses are legally insufficient. The defendants' answer provides ample facts to provide context to the specific affirmative defenses. Moreover, the specific affirmative defenses coupled with the facts in the answer, while brief, provide notice to the plaintiff of the plausible legal arguments that the defendants could raise, and that is all that the defendants are required to do in their pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that specific facts are not necessary in pleading and that the statement need only give fair notice of what the claim is and the grounds upon which it rests). In short, the plaintiff, who waited until the middle of the discovery period allotted for the case to file the instant motion, has not shown he has been prejudiced by the nature of the defendant's pleadings and has not shown with a certainty the he would succeed on any state of

facts proved in support of the defenses. *Williams,* 944 F.2d at 1400. As such, the court will deny the motion to strike.

The plaintiff has requested this court reconsider his motion for an appointment of counsel. (Docket #22). Chief Judge Charles Clevert, who was assigned to this case originally, denied without prejudice Mr. Weichman's original motion to appoint him counsel on December 9, 2009, because the plaintiff had failed to show that he had made attempts to secure private counsel. (Docket #21). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 654-55. The plaintiff has documented several unsuccessful attempts to obtain legal counsel,[1] and, as such, the court will consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." *Id.* at 655. Mr. Weichman's submissions to the court have demonstrated sufficient skills necessary to prosecute his action, as the plaintiff has shown that he is accustomed to the Federal Rules of Civil Procedure and is capable of performing legal research. Mr. Weichman's motions have been literate and have been supported by relevant exhibits and citations. Moreover, Mr. Weichman's case is not overly complex, as it

---

[1] The court makes no judgment as to the validity of Mr. Weichman's assertions that he called the several agencies he did in search of an attorney.

-3-

relates to whether the plaintiff's civil rights were violated when he was arrested and placed in custody on March 5, 2009. Nothing that the plaintiff has provided to the court casts doubt as to whether Mr. Weichman can adequately represent himself in this action. Accordingly, the court will deny the plaintiff's renewed request for appointment of counsel. If the case survives summary judgment and is set for trial, the court may revisit the issue of whether Mr. Weichman has the skills necessary to properly present his claims to a jury.

Lastly, on May 19, 2010, the plaintiff filed a motion to compel discovery and a motion for sanctions (Docket #40), arguing that the defendants had not provided Mr. Weichman with several documents that he requested during discovery and that the defendants had provided evasive, incomplete responses to interrogatories. However, the plaintiff has not provided the court with any of the defendants' responses to the discovery requests, instead, merely providing a list of what Mr. Weichman asserts are the "failures of defendants to comply with the requests for discovery." (Pl.'s Br. 3). As such, the court has no means to gauge whether the defendants are truly being evasive in their responses to the discovery requests. More importantly, the plaintiff has failed to follow Civil L.R. 37, which requires the following:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the

> conference or conferences and the names of all parties participating in the conference or conferences.

The plaintiff has not submitted a statement citing the date and time of a conference in which the parties participated to resolve the discovery dispute. As such, the motion has been brought in violation of the local rules, and the court is obliged to deny the plaintiff's motion. Both parties need to engage in open and honest discussions regarding any discovery requests before bringing the issue before the court. The court "cannot be expected to be cast in the role of babysitter at the slightest discovery problem." *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 U.S. Dist. LEXIS 101104, at *17 (E.D. Wis. Oct. 15, 2009) ("[N]eedless resources are wasted when the parties, in lieu of open and honest communication, lean on the court to resolve spats that could easily be settled with a simple phone call or an email to opposing counsel.") The discovery period in this case will end at the end of next month – the parties would be wise to resolve their differences between themselves instead of delaying the resolution of this case by filing a potentially unnecessary motion to compel.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to strike defendant's affirmative defenses (Docket #33) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's request for reconsideration of his motion for appointment of counsel (Docket #22) be and the same is hereby **DENIED**;

-5-

Case 2:09-cv-00740-JPS   Filed 05/25/10   Page 5 of 6   Document 44

**IT IS FURTHER ORDERED** that plaintiff's motion to compel and motion for sanctions (Docket #40) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge